[Civ. No. 2034.  Second Appellate District.—February 11, 1918.]

## W. S. RATTRAY, Appellant, v. WICKERSHEIM IMPLEMENT COMPANY (a Corporation), Respondent.

APPEAL—TYPEWRITTEN TRANSCRIPT—SCOPE OF REVIEW.—Where the only record on appeal from a judgment consists of a typewritten transcript, the court need not go further than to those portions of the record which have been printed in the briefs, since it is presumed that by their briefs counsel have submitted all portions of the record which they desire to call to the attention of the court.

CORPORATION LAW—SALE OF STOCK—AUTHORITY OF PRESIDENT.—The president and manager of a corporation is not authorized by virtue of his office to sell shares of stock, or to determine the price for which they should be sold, or to employ an agent to find purchasers.

ID.—SALE OF STOCK AT LESS THAN PAR—AUTHORITY TO ACCEPT OFFER. The fact that after the president of the corporation had employed a broker to sell stock, and before the broker had found a purchaser the board of directors of the corporation authorized the president to sell the stock at par, does not tend to establish the president's authority to accept an offer to buy the stock at less than par.

ID.—RECOVERY OF BROKER'S COMMISSIONS—PLEADING AND EVIDENCE.— In an action by a broker against a corporation to recover commissions for selling corporate stock, in accordance with an oral agreement made with the president of the corporation, it is necessary for the plaintiff to show that the defendant had given authority to sell the stock at a price corresponding to the offer made by the purchaser, and where the purchaser's offer was to purchase at less than par, and the proof failed to show that defendant ever offered to sell for less than par, the defect in plaintiff's case was not cured by the statement in the answer that defendant entered into negotiations for the sale of stock to the purchaser, but that he failed and refused to purchase.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

James E. Mahon, and Alfred H. McAdoo, for Appellant.

Head & Marks, for Respondent.

CONREY, P. J.—At the trial of this action the court granted the defendant's motion for a nonsuit. Plaintiff's appeal is from the judgment.

By his action the plaintiff seeks to recover commissions in accordance with an alleged oral agreement. William J. Wickersheim was the president and general manager of defendant company. A condensed statement of the plaintiff's testimony is as follows: "In August, 1914, Mr. Wickersheim came to my office and asked me if I could get him a man who would invest some money in his company. He said if I would put him in touch with a party who was able and willing to invest some money, he agreed he would give me five per cent. He preferred to get a man who would put in $10,000." Thereafter Mr. Wickersheim sent to the plaintiff a letter, which the plaintiff received on March 26, 1915, as follows: "This is to confirm our verbal agreement in which we agreed to pay you five per cent on $10,000 or more, if you are successful in securing an investment with this amount for our business." This letter was signed "Wickersheim Implement Company, by Wm. J. Wickersheim." The plaintiff introduced to Wickersheim one F. S. Moore, who, on March 23, 1915, submitted to Wickersheim a written offer to purchase 150 shares of capital stock of defendant company for the consideration of ten thousand dollars. In response to that offer Wickersheim signed an acceptance in which it was stated that "in consideration of the agreement by F. S. Moore, made this 23rd day of March, I hereby agree to deliver him, upon fulfilment of the agreement, 150 shares of the capital stock of the Wickersheim Implement Company (and until such stock is issued and delivered I will deposit the same number of shares of my stock in the company in lieu of said stock)." This acceptance was signed "Wm. J. Wickersheim, Pres. Wickersheim Implement Company." William J. Wickersheim, called as a witness for the plaintiff, testified that at the time above mentioned he owned 344 or 346 shares of the 440 shares of stock of the corporation at that time

issued.  On March 29, 1915, a letter was sent to the plaintiff, signed by the company by Wickersheim, as follows: "I herewith cancel our verbal agreement in which we agreed to pay you five per cent on the sale of $10,000 worth or more of our stock, with or without services, and which was confirmed in our letter of March 25, 1915." S. J. Laporte was the secretary of defendant company.  In connection with the testimony of Laporte, called as a witness for the plaintiff, the plaintiff introduced in evidence a record, which we will assume was part of the minutes of the board of directors, although that fact does not distinctly and positively appear. Those minutes show that on February 15, 1915, a motion was adopted to the effect that the president, Wickersheim, was authorized to sell the treasury stock of the corporation at the par value of one hundred dollars per share.  Laporte testified that none of the directors, except Wickersheim and himself, knew of the Moore transaction.

The motion for nonsuit was based upon the grounds, first, that the plaintiff failed to show any authority on behalf of the corporation to authorize the employment of an agent, or the sale of stock, or the authorization by the corporation of the contract upon which the plaintiff bases his action; second, that the plaintiff failed to show that Moore was at any time able to make any investment in the corporation or to perform his alleged contract.

The complaint counted upon an oral contract made between the plaintiff and the defendant by the terms of which it was covenanted and agreed that in the event that plaintiff would procure an investor or investors with ten thousand dollars or more to invest in the business of the defendant, the defendant would pay to the plaintiff for said services five per cent on the amount so procured.  It was alleged that pursuant to that contract plaintiff procured Moore as such investor, who was ready, willing, and able to invest the sum of ten thousand dollars in said business of the defendant, "which said investment was, on or about the 23rd day of March, 1915, accepted by the defendant herein." There were other counts in the complaint, which we omit to describe, since they cannot affect the merits of this appeal.

The answer of defendant denied that plaintiff and defendant entered into the contract stated in the complaint, and denied "that defendant agreed to pay any sum as commis-

sion or bonus or any payment for the services of the plaintiff in securing an investor or investors to invest in the business of defendant, except that defendant agreed with plaintiff to pay plaintiff a commission of five per cent upon the stock of defendant sold by plaintiff, providing that plaintiff sold treasury stock of the defendant corporation in a total amount of $10,000 or more." The answer denied that the plaintiff procured Moore to invest ten thousand dollars or any other sum in the business of defendant, and denied that Moore or any person was willing, ready, or able to invest in the said business of defendant the sum of ten thousand dollars or any other sum. The answer alleged that said Moore and defendant entered into negotiations for the sale of certain stock of defendant to said Moore, but that Moore failed and refused to purchase any stock of defendant corporation or invest any money with it. The answer further alleged that, after the first day of September, 1914, and before the commencement of this action, it was agreed between plaintiff and defendant that if the plaintiff sold treasury stock of the defendant corporation in a total amount of ten thousand dollars or more, defendant would pay plaintiff a commission of five per cent on all stock so sold by the plaintiff, providing said sales aggregated an amount of ten thousand dollars or more.

The only record on appeal consists of a typewritten transcript. The foregoing statement of facts and of the issues presented in the case is a substantially complete statement of all of those portions of the record which have been printed in the briefs. We need not go further, since it is presumed that by their briefs counsel have submitted to us all portions of the record which they desire to call to our attention. (Code Civ. Proc., sec. 953c.)

In order to determine whether the case presented was sufficient to defeat a motion for nonsuit upon the grounds stated, we must allow to the plaintiff the benefit of all facts admitted by the answer, together with all other facts which the evidence tended to prove. The fact that Wickersheim was president and general manager of the corporation did not authorize Wickersheim to sell shares of stock or to determine the price for which they would be sold, or to employ an agent to find purchasers for stock. Such transactions are not within the scope of the business which either a president or

a general manager is by virtue of his office qualified to transact for the corporation. (*Northwestern Packing Co.* v. *Whitney,* 5 Cal. App. 105, [89 Pac. 981].)    The fact that afterward, and before the plaintiff had found Mr. Moore, the board of directors authorized the president to sell the treasury stock at par, does not tend to establish the president's authority to accept the offer made by Moore, for that was a proposition to buy stock at less than par.    In order to make even a plausible argument, appellant finds it necessary to resort to facts admitted in defendant's answer.    These admitted facts were, that defendant agreed to pay plaintiff a commission of five per cent upon the stock of defendant sold by plaintiff, if plaintiff sold treasury stock of defendant corporation in the total amount of ten thousand dollars or more. Since the evidence shows that in all of the negotiations Wickersheim was the only person who acted for defendant, the answer may fairly be understood as admitting that he was authorized to make the agreement with plaintiff as it was admitted that it was made.

But it should also be understood from the pleading and proof thus made that the plaintiff would not be deemed to have "sold" stock until he produced a purchaser who was able, ready, and willing to buy the stock on terms of sale authorized by the corporation. To establish complete performance on the part of plaintiff, it was necessary to show that the corporation had given authority to sell the stock at a price corresponding to the offer made by Moore. That offer was to pay for the stock only two-thirds of its par value. There is no admission in the answer, nor is there any evidence, that the corporation ever offered to sell stock at less than par, or that it authorized Wickersheim to arrange for a sale at less than par.    This defect in the plaintiff's case is not cured by the statement, which was made in the answer, that Moore and the defendant entered into negotiations for the sale of certain stock of defendant to Moore, but that he had failed and refused to invest any money in the corporation or purchase any of its stock.    Neither these facts admitted by the answer, nor the knowledge by Wickersheim and by the secretary of the corporation, that the plaintiff was endeavoring to secure investors in the corporation, are sufficient to estop the corporation from relying upon its defense that it was not shown to have authorized the plaintiff

to secure a purchaser of stock at the price which Moore proposed to pay. It is directly established by the evidence that a majority of the board of directors did not know of the Moore transaction. It does not appear that the board of directors, or that any of its directors other than Wickersheim and Laporte, knew that any effort was being made to sell stock at a price less than its par value. We agree with the rule, to which counsel direct our attention, that "where the special character of the agency is not known and the principal has clothed the agent with apparent powers, strangers in dealing with the agent may assume that such apparent powers are possessed. The principal cannot by private communications with his agent limit the authority which he allows his agent to assume." (*Eddy* v. *American Amusement Co.*, 21 Cal. App. 487, [132 Pac. 83].) This doctrine of ostensible agency is fully recognized, but we think that it is not illustrated by the facts of the case before us.

The judgment is affirmed.

James, J., and Works, J., *pro tem.*, concurred.